## CIRCUIT COURT OF ROCKINGHAM COUNTY

Commonwealth of Virginia

v.

Paul L. Cupp

October 21, 2004

Case No. 30688-30690

BY JUDGE JOHN J. MCGRATH, JR.

This case is before the Court on defendant's Motion to Suppress inculpatory statements obtained during a custodial interrogation.

Defendant is charged with Manufacturing, Transporting, Distributing, or Possessing a Fire Bomb in violation of § 18.2-85 of the Code of Virginia. Upon request of Assistant Fire Marshall Tim Hansbrough, defendant went to the Grottoes Police Department where Grottoes Police Chief Lawhorne placed him under arrest. The officers read the defendant warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and audio-taped the subsequent questioning. Assistant Fire Marshall Tim Hansbrough asked the defendant if he wished to make a statement. Defendant replied "no." Chief Lawhorne, who the record disclosed has a small hearing impediment, then asked something to the effect of "you don't want to make a statement?" in the form of a question. To that question, the defendant said he did not know what he wanted, and the interviewers proceeded to inform him about the evidence they had obtained against him. After hearing the evidence, defendant eventually gave an inculpatory statement.

The parties do not dispute that the statements giving rise to the interrogation proceeded essentially as represented above. However, defendant argues that his initial "no" response to Officer Hansbrough's question was an

invocation of his right to remain silent and his right to counsel. He therefore argues that the follow-up question by Chief Lawhorne was in violation of defendant's right to remain silent and his right to counsel because defendant did not waive those rights.

Defendant's brief does not make an explicit distinction between the right to remain silent and the right to counsel, but the rights are quite distinct and are invoked and waived differently. It is clear to the Court that defendant did not invoke his right to counsel when he answered "no" the first time he was asked if he wished to make a statement. As defendant points out, under *Smith v. Illinois*, 469 U.S. 91 (1984), statements made after an initial request for counsel cannot be used to cast doubt on the original request. However, in that case, the defendant affirmatively requested counsel. The Court explicitly limited its holding to situations in which a clear, unambiguous request for counsel has been made and the prosecution seeks to use responses to further interrogation to cast doubt on the clarity of the initial request for counsel. Those subsequent statements are relevant only to the question of whether defendant later waived that right.

Under *Miranda v. Arizona*, 451 U.S. 477 (1981), once a defendant has stated that he wants an attorney, the interrogation must cease until an attorney is provided. Whether a defendant's right to counsel has been infringed is a three-part inquiry. First, the accused must actually invoke his right to counsel. *Quinn v. Commonwealth*, 25 Va. App. 702, 492 S.E.2d 470 (1997). The invocation must be sufficiently clear that "a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Quinn*, 25 Va. App. at 712, 492 S.E.2d at 476 (quoting *Davis v. United States*, 512 U.S. 452 (1994)). Recently, in *Medley v. Commonwealth*, 2004 Va. App. LEXIS 453, the Virginia Court of Appeals held that, where the defendant made a general refusal to waive his rights, this was not sufficient to convey a clear request for counsel. In the instant case, there is no evidence the defendant ever made a request for counsel. Therefore, it is not necessary to consider whether he waived this right, and this Court holds that this prosecution does not violate defendant's right to counsel under *Miranda*.

Defendant also alleges that the prosecution violated his right to remain silent. Under *Miranda*, if a defendant indicates that he wishes to remain silent at any time prior to or during questioning, the interrogation must cease. *Miranda*, 385 U.S. at 473-74. However, some courts have held that, when it is unclear whether the defendant has asserted his right to silence, the prosecution can ask questions to clarify whether the defendant intends to talk. *See Anderson v. Smith*, 751 F.2d 96 (2d Cir. 1984). A clear and unambiguous assertion of the right to remain silent is necessary before the police are

134

compelled to cease questioning. *Midkiff v. Commonwealth*, 250 Va. 262, 462 S.E.2d 112 (1995). Although a suspect may indicate his desire to remain silent in any manner, *Miranda* does not require police to accept any statement, no matter how ambiguous, as an invocation of the suspect's right to cease questioning. *Lamb v. Commonwealth*, 217 Va. 307, 227 S.E.2d 737 (1976).

It is clear from the facts in this case that the law enforcement officials did not try to trick or pressure the defendant into changing his "no" response. After defendant said "no," the slightly hard of hearing Police Chief asked "does this mean you do not want to make a statement?" or words to that effect. It is also clear from the facts in the instant case that, at best, the defendant was merely expressing reservations about the wisdom of proceeding with answering questions and did not clearly invoke his right to remain silent. He followed up his initial "no" response with an answer indicating that he did not know what he wanted.

In *Burkett v. Commonwealth*, 248 Va. 596, 450 S.E.2d 124 (1994), the suspect in custodial interrogation stated that he did not think he should say anything and he needed someone to talk to. He later argued that the detectives should have ceased questioning him at that point. The Court disagreed, stating that, "in spite of whatever reservations he may have had, he elected to proceed with the interrogation and failed to exercise his right to terminate questioning." *Burkett*, 248 Va. at 610, 450 S.E.2d at 132. Similarly, in the case at hand, the defendant proceeded with answering the interrogators' questions and never exercised his right to silence or to terminate the questioning. He may have expressed some uncertainty about the wisdom of answering questions, but this does not equate to an affirmative invocation of his right to remain silent.

The defendant never invoked either his right to counsel or his right to remain silent. Therefore, the Motion to Suppress is hereby denied.

The Clerk is directed to send attested copies of this Opinion and Order to Marsha L. Garst, Esquire, Commonwealth's Attorney, and to R. Darren Bostic, Esquire, counsel for the defendant.